## STATE ex rel. SEAVER, Co. Atty., v. WILSON et al.

No. 12586—Opinion Filed Jan. 15, 1924.

1. **Insane Persons—Expenses of Keeping by State—Liability of Brothers to Reimburse.**

There is no statutory authority in Oklahoma to compel the brothers of an adult, indigent, insane person to reimburse the state for expenses paid or to be paid in keeping such person as a public patient in a hospital for the insane.

2. **Same—Relatives—Obligation at Common Law.**

At common law the duty of the natural relatives of an insane person is of imperfect obligation only, and cannot be enforced.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Tulsa County; Z. I. J. Holt, Judge.

Action by the State of Oklahoma ex rel. W. F. Seaver, County Attorney, to require J. W. Wilson and Albert Wilson, brothers of an adult, indigent, and insane person, to reimburse the state. Judgment for defendants, and plaintiff appeals. Affirmed.

John H. Goldsberry and James Harrington, for plaintiff in error.

Crossland & Ward, for defendants in error.

Opinion by ESTES, C. This suit was instituted by the county attorney in the county court of Tulsa county against defendants in error to require them to reimburse and pay the state expenses incurred and to be incurred for the care and maintenance of Austin Wilson in the state hospital for the insane. Said Austin was an adult, indigent, insane person duly committed to such hospital. Defendants were his brothers. Said Austin was committed to such hospital on the petition of one of the defendants, in whose home he had been cared for, temporarily, pending such commitment. Demurrer to the evidence of plaintiff was sustained and judgment rendered for defendants, whereupon this appeal was taken.

1. The suit was under the lunacy law of 1917, being article 6, chapter 75, Comp. Stat. 1921, and particularly section 8296 thereof, providing in part:

"Indigent Patient—Proceedings Against Relatives—Duty of County Attorney. If a public patient is an indigent person and has relatives who are legally liable for his support, the county attorney of the county in which the order of commitment was made, shall petition the county court or the judge thereof of said county in his name

as county attorney, stating that the insane person has been committed to a hospital as a public patient, that he is an indigent person, that he has relatives (naming them) who are legally liable for his support, and praying that said relatives may be adjudged to reimburse the state for the expenses paid and to be paid by it in his behalf," etc.

Section 8293, Id., provides, in substance, that the state shall pay the several hospitals for keeping and maintaining such patient, and that such patient, if he have estate sufficient for such purpose, and if not, then such relatives as are legally liable for his support, shall be liable to the state for all of such expenses. Another section charges the county attorney with the duty of prosecuting proceedings to reimburse the state in such cases and to subject the estate of such insane person, and his "relatives who are legally liable" for his support, to the payment of such expenses.

There is no statutory authority whatever imposing a legal obligation upon defendants in error as brothers of said Austin to reimburse the state for his expenses as such public patient. It is contended by plaintiff in error that because one of the defendants in error temporarily maintained said Austin in his home, pending such commitment, such brother was in loco parentis and was included in the phrase used in said statute, to wit, "relatives who are legally liable for his support." The statute does provide that a husband, if he receives a stepchild into his family and supports said child, is presumed to do so as a parent and thereby becomes liable for the support of such stepchild. Daniel v. Tolon et al., 53 Okla. 666, 157 Pac. 756, cited by plaintiff in error, arose under the stepchild statute. Same has no application in the instant case.

2. It is well settled that at common law the duty of natural relatives of an insane person is of imperfect obligation only, and cannot be enforced. 32 C. J. 685. The ties of consanguinity prompt or should prompt relatives who are able in the care and keep of the indigent insane. In the absence of a statute, there is no obligation on a relative to maintain such person. Id. What relatives if any, should be made liable in such case, is a matter solely of legislative cognizance.

Let the judgment be affirmed.

By the Court: It is so ordered.